IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LA GLORIA OIL AND GAS COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-465C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY TO
PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND DEFENDANT'S REPLY

Defendant respectfully requests leave to reply to plaintiff's response to the Court's order directing the parties to show cause why this matter should not be stayed pending the decision in Tesoro

Hawaii Corp. v. United States, No. 04-5064 (Fed. Cir.). In our response, we stated simply that, as implied in the Court's order, judicial economy would be served. As we noted, virtually every other case such as this one has been stayed for that reason.

La Gloria now asserts that this case is somehow unique, simply because a similar case (Gold Line Refining Ltd. v. United States, No. 98-543C (Fed. Cl.)) is pending before the presiding judge, and, La Gloria fears, arguments presented in that case may make an indelible impression upon the presiding judge to La Gloria's detriment. Plaintiff filed its response under seal and, therefore, Gold Line has not had an opportunity to review it.[1] We also have suggested that Gold Line be stayed.

First, La Gloria's argument disregards the fact that a potentially-dispositive appeal is

[1] Exhibit 10, pages from a study contracted for by the Government, is the only document stamped "Confidential" in plaintiff's response. The Government does not consider that portion of the study confidential, but, in any event, we are aware of no reason why La Gloria's response need be withheld from the public.

extant, and that that fact -- and not the presence of a similar case before this Court -- is what counsels in favor of staying this case. See Coast Federal Bank, FSB v. United States, 49 Fed. Cl. 11, 15 (2001) (trying a case under one set of assumptions, then retrying it under a different set of assumptions due to a reversal on appeal, would be inconsistent with judicial economy). The same can be said of expending Government (indeed, both parties') resources on a case that is premised upon unstable legal grounds. Those costs include attorney time that could be devoted to other cases, expert fees, and production costs. Instead, La Gloria blithely asserts that the case could be ready for trial in a year. The point, however, is that there is no reason to hold a trial or expend time and money preparing for a trial when a trial may be completely unnecessary, or must rest upon a completely different legal basis than the parties had anticipated. Moreover, significant discovery already has occurred and neither party has objected to completing that discovery. Indeed, both parties have served comprehensive production requests and either have produced, or are in the process of producing, those documents at little cost. However, no depositions have been taken and the Government has not retained a trial expert, nor is it eager to do so given the unsettled posture of the law in these cases.

Second, La Gloria's main concern, the point to which it devotes all but a few paragraphs in its response, is that there is another case pending before this Court (Gold Line), which, La Gloria presumes, will somehow prejudice its case. La Gloria ignores the fact that the Court must decide every case on its merits and in light of the arguments advanced by individual parties. La Gloria has done nothing to demonstrate that Gold Line's arguments might prejudice La Gloria in any way. Instead, La Gloria devotes a lengthy argument to establishing that, upon the merits, it has a winning case. Needless to say, we disagree with La Gloria's conclusion, but that argument

must be left for trial. The only question now concerns how the parties will proceed to trial, in light of the fact that they may never proceed to trial at all.

Third, the very premise of La Gloria's argument (that its case -- if ever tried -- will be prejudiced by a decision in the Gold Line case) is flawed. La Gloria complains that Gold Line relies upon a damages methodology that it is inferior to that favored by La Gloria. However, Gold Line's consultants agree with La Gloria that the Pride theory is the most appropriate approach, but also include a Barrett Refining approach as an "alternative," because that is an approach that this Court already has sanctioned. See Pl. Br. at Exhibit 1 at 2 and 17. La Gloria acknowledges Gold Line's use of the Pride methodology, but asserts that it has proof of certain elements that Gold Line does not and that, in La Gloria's situation, certain types of fuel make better market indicators. Pl. Br. at 4-5. But, what La Gloria alludes to are mere facts -- facts that La Gloria will be free to assert and argue should (as La Gloria can only assume) the Federal Circuit affirms the viability of any of its causes of actions.

Fourth, La Gloria's concern about conflicting arguments among plaintiffs, even if it had merit, concerns the timing of the issuance of the Court's decision -- not when the case is tried or whether wasteful discovery must proceed in the meantime. The proper solution to La Gloria's concern, we respectfully submit, is to stay both cases, as we have urged.

Finally, we wish to correct an error in La Gloria's filing concerning our position in Williams Alaska v. United States, 02-705C (Fed. Cl.). La Gloria asserts that we requested that the remaining counts in that case proceed while the Tesoro appeal was pending, reasoning that, if we would not be burdened by proceeding there, we would not be burdened by proceeding here. Pl. Br. at 6. However, as plaintiff's counsel well knows, the Court has stayed that case.

Moreover, proceeding, represented little burden whatsoever. In that case, the Court had granted the Government's motion for partial summary judgment, resolving the issues of legality and deviations in the Government's favor. Thereafter, we asked that the Court permit us to move for summary judgment on the remaining counts, which were, in our view, either premised upon an assumption of legality, failed to state a cause of action, or were completely without merit. We did not request to take discovery, and believed that little work would be necessary to file that motion.

For these reasons, we respectfully request the Court to permit us to file this reply, and to stay this case pending the decision in Tesoro Hawaii Corporation v. United States, No. 04-5064 (Fed. Cir.)

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

OF COUNSEL:

BERNARD A. DUVAL
Counsel

HOWARD M. KAUFER
Assistant Counsel
Defense Energy Support Center
Fort Belvoir, VA

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-2311
Facsimile: (202) 353-7988

Attorneys for Defendant

March 19, 2004

## CERTIFICATE OF FILING

I hereby certify that on March 22, 2004, a copy of the foregoing document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven J. Gillingham